

**UNITED STATES DISTRICT COURT**
for the
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DAVID SEKELSKY<br>Plaintiff | : CIVIL ACTION NO. 301CV01701 (AVC)<br>: |
| VS. | : |
| RICHARD CHAFFEE,<br>JOHN MILLO,<br>GREGORY BOMBA<br>TODD MILLS, AND<br>THOMAS A. DEMARCO<br>Defendants | :<br>:<br>:<br>:<br>: DECEMBER 17, 2002 |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDMGENT

3:01cv01701 (AVC). November 4, 2003. This is an action for damages and equitable relief brought pursuant to 42 U.S.C. § 1983. The plaintiff, David Sekelsky, a firefighter with the Shelton, Connecticut volunteer fire department and member of the Shelton board of fire commissioners, alleges that a fire department captain, the defendant Gregory Bomba, and a fire department lieutenant, the defendant Todd Mills, reported to the fire chief, the defendant John Millo, that Sekelsky had been drinking alcohol prior to answering a call. The report was based on a letter allegedly forged by another fire fighter, the defendant Thomas Demarco. The complaint alleges that, in response to the report, Bomba summarily suspended Sekelsky for two weeks without due process of law. Sekelsky further alleges that chief Millo, and the chairman of the Shelton board of fire commissioners, the defendant Richard Chaffee, failed to take any action to correct the suspension, all in an effort to chill him in his criticism of fire department management. Prior to his suspension, Sekelsky publically criticized Demarco, Bomba, Millo, and Mills for abusing their positions, placing other fire fighters at risk, and misusing city property. Sekelsky also publically criticized Chaffee, stating that Chaffee was a political crony of the mayor, and placed political obligations above the well being of the fire department and Shelton taxpayers. The defendants now move for summary judgment. The court, having reviewed the submissions of counsel, concludes that the defendants are entitled to judgment as a matter of law. In the first instance, the court observes that Sekelsky has not responded to the motion for summary judgment to the extent it seeks judgment with respect to the due process claim. That claim, therefore, is deemed abandoned. To the extent the complaint alleges violations of the First Amendment, the court will assume for purposes of discussion that Sekslesky's suspension came in response to his public criticism and not his drinking, and that the criticism addressed a matter of public concern and, hence, is protected by the First Amendment. However, because the criticism was directed at specific individuals to whom Sekelsky was expected to work at close coordination, the court concludes that, in accordance with Pickering v. Board of Education, 391 U.S. 563, 568, 88 S.Ct. 1731 (1968), the suspension did not violate Sekelsky's First Amendment rights. See Janusaitis v. Middlebury Volunteer Fire Department, 607 F.2d 17, 25-26 (2d Cir. 1979) ("a fireman who attacks verbally the very persons with whom he must function in the closest coordination [is not entitled to First Amendment protection]"). The motion for summary judgment is therefore GRANTED.

SO ORDERED.

*Alfred V. Covello*
Alfred V. Covello, U.S.D.J.