UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID SEKELSKY,
    Plaintiff,

VS.   :   Civil No. 3:01cv1701 (AVC)

RICHARD CHAFFEE, JOHN MILLO,
GREGORY BOMBA, TODD MILLS,
THOMAS DEMARCO,

    Defendants.

### RULING ON THE PLAINTIFF'S MOTION TO REOPEN JUDGMENT

This is an action for damages and equitable relief brought pursuant to 42 U.S.C. § 1983. The plaintiff, David Sekelsky, a firefighter with the Shelton, Connecitcut volunteer fire department, alleges that the defendant, Gregory Bomba, a fire department captain, summarily suspended him without due process of law. Sekelsky further alleges that more senior department officers, including the fire chief, failed to take any action to correct the suspension, all in an effort to chill him in his criticism of fire department management. The complaint alleges violations of the First and Fourteenth Amendment to the United States Constitution.

The plaintiff now moves pursuant to Federal Rule of Civil Procedure 60(b) to re-open a default judgment entered against him, arguing that the default, entered as a result of his attorney's neglect, is excusable and subject to being set aside. For the reasons hereinafter set forth, the court agrees and accordingly, the motion is GRANTED.

### FACTS

On December 17, 2002, the defendants filed a motion for

summary judgment, arguing that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law. Sekelsky did not file any response to the motion. On February 3, 2003, the court reviewed the defendants' submission and concluded that, in the absence of an opposition memorandum, the submission met the burden of demonstrating that no genuine issues of material fact existed for trial. The court therefore rendered judgment for the defendants.

On April 9, 2003, Sekelsky filed the within motion to reopen the judgment and attached therewith his opposition memorandum to the summary judgment motion. In the motion to reopen, Sekelsky's attorney, one Norman Patties of the law firm of Williams and Pattis, explained that he had delegated responsibility for preparing Sekelsky's memorandum to an associate of his firm, and further stated that:

> I neglected to ascertain whether the associate had filed a timely response, whether by way of motion for extension of time or substantive response.
>
> I have spoken to the associate, who assumed that I had filed a motion for extension of time when I delegated the task of responding to him.
>
> In fact, neither of us filed a motion.
>
> During the past six weeks, I have been in trial in a Section 1983 claim with seven plaintiffs and nineteen defendants.
>
> As the jury was deliberating in the aforementioned case, I began evidence in a federal murder case pending before Judge Arterton.

> Our firm has suffered the loss of an associate during the period since the court granted the motion for summary judgment absent objection, and I have been unable to submit a response in a more timely fashion.

(April 6, 2003 Affidavit of Norman Pattis).

## STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a part's legal representative from a final judgment, order, or proceeding for the following reasons; (1) <u>mistake, inadvertence, surprise, or excusable neglect</u>; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and. . . not more than one year after the judgment, order, or proceeding was entered or taken.

<u>Id.</u> (emphasis added). Excusable neglect "is a somewhat `elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." <u>Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership</u>, 507 U.S. 380, 392 (1993). In deciding whether to set aside the default, the court assesses: "(1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) the level of prejudice that may occur to the non-defaulting party if relief is granted." <u>Gucci America, Inc. v. Gold Center Jewelry</u>, 158 F.3d 631, 633 (2d Cir. 1998). In cases involving attorney error, the court "will look for bad faith, or at least something more than mere negligence, before rejecting a claim of

3

excusable neglect." Id. (citing American Alliance Ins. Co. Ltd. v. Eagle Ins. Co., 92 F.3d 57, 60 (2d Cir. 1996)). "The determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Investment Services Co., 507 U.S. at 395.

## DISCUSSION

The plaintiff moves pursuant to Federal Rule of Civil Procedure 60(b) to reopen the judgment, arguing that the failure to timely file a response to the defendants' motion for summary judgment should be excused because it was the result of a simple oversight concerning one attorney's failure to supervise another. In the plaintiffs' view, because the lapse was not wilful, and because there is a meritorious defense to the summary judgment motion, a reopening of this case is authorized by Rule 60(b). The defendants respond that the default is not excusable because the circumstances presented here constitute more than a simple lapse. In this regard, the defendants correctly point out that, after they served the plaintiff with the summary judgment motion, the plaintiff not only failed to file any response during the seven week period leading up to the default, but in addition, waited some nine weeks after judgment to file the motion to reopen and there attach the opposition to the summary judgment motion.

Applying the above captioned standard, the court concludes that the circumstances presented here constitute excusable

4

neglect. It is clear to the court that attorney Pattis became deeply pre-occupied with two trials, including a murder trial, and mistakenly believed that another attorney in his firm was handling this case. The nine week period that elapsed between the entry of default and the motion to reopen, while suggesting a want of due care approaching willfulness, fails to reach this point given attorney Pattis' extended trial commitments. Further, having reviewed the merits of the underlying lawsuit, and prejudice to the defendants by re-opening this matter, the court concludes that the plaintiff is entitled to relief under Rule 60(b).

## CONCLUSION

For the foregoing reasons, the plaintiffs' motion to re-open (document no. 26) is GRANTED.

It is so ordered, this 3rd day of November, 2003, at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge